UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOELLE THAYER,

             Plaintiff,

     v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

             Defendant.

CASE NO. 2:16-CV-00545-DWC

ORDER ON PLAINTIFF'S
COMPLAINT

Plaintiff filed this action, pursuant to 42 U.S.C § 405(g), seeking judicial review of the denial of Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. The parties have consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 6.

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") did not err by discounting Plaintiff's examining psychiatrist and non-examining psychological consultant. The ALJ also did not err by discounting Plaintiff's subjective symptom testimony. Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

**PROCEDURAL& FACTUAL HISTORY**

On January 19, 2007, Plaintiff filed applications for DIB and SSI. *See* Dkt. 9, Administrative Record ("AR") 105-110. Plaintiff alleges she became disabled on April 1, 2004, due to post-traumatic stress disorder ("PTSD"), a back injury, and anxiety. *See* AR 105, 133. Plaintiff's applications were denied upon initial administrative review and on reconsideration. *See* AR 63-66. On July 9, 2009, ALJ John Bauer found Plaintiff was not disabled within the meaning of Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. AR 27, 496. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 6, 2010, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481.

This Court reversed ALJ Bauer's decision on September 2, 2011, and remanded the case for further proceedings. AR 506-07. *See Thayer v. Astrue*, 2:10-cv-1963-RSM-MAT, Dkt. 21 (W.D. Wash., Sept. 2, 2011). On remand, a new ALJ, Glenn Meyers, again found Plaintiff not disabled within the meaning of Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. AR 554. However, on October 29, 2013, the Appeals Council remanded ALJ Meyers first decision for further proceedings, as ALJ Meyers had failed to properly evaluate the medical opinion evidence from Plaintiff's examining psychiatrist, Anselm Parlatore, M.D. AR 564-66. ALJ Meyers conducted a new hearing on August 5, 2014 and rendered a new decision on September 12, 2014, once again finding Plaintiff was not disabled within the meaning of Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. AR 385, 397. Plaintiff appeals ALJ Meyers' decision.

Plaintiff argues the denial of benefits should be reversed and remanded for the immediate award of benefits, or in the alternative, for further proceedings, because: 1) the ALJ failed to

1  properly evaluate the medical opinion evidence from one examining and one non-examining

2  source; and 2) the ALJ failed to properly evaluate Plaintiff's subjective symptom testimony.

3  Dkt.11, pp. 1-2.

4  **STANDARD OF REVIEW**

5    Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

6  security benefits only if the ALJ's findings are based on legal error or not supported by substantial

7  evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005)

8  (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a

9  scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might

10  accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.

11  1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

12    I.  <u>Whether the ALJ Properly Evaluated the Medical Opinion Evidence.</u>

13    **A.  Standard**

14    The ALJ has the responsibility to determine credibility and resolve ambiguities and

15  conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Where the

16  medical evidence in the record is not conclusive, "questions of credibility and resolution of

17  conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.

18  1982). Determining whether or not inconsistencies in the medical evidence "are material (or are in

19  fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of

20  medical experts "falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d

21  595, 603 (9th Cir. 1999).

22    The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

23  opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821,

24

1   830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*,

2   908 F.2d 502, 506 (9th Cir. 1990)). However, "[i]n order to discount the opinion of an examining

3   physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth

4   specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v.*

5   *Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester*, 81 F.3d at 831). The ALJ can

6   accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

7   clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725

8   (*citing Magallanes*, 881 F.2d at 751). In addition, the ALJ must explain why the ALJ's own

9   interpretations, rather than those of the doctors, are correct. *Reddick*, 157 F.3d at 725 (*citing*

10   *Embrey*, 849 F.2d at 421-22). The ALJ "may not reject 'significant probative evidence' without

11   explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*,

12   739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir.

13   1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*,

14   49 F.3d at 571.

15       Plaintiff argues the ALJ was required to provide clear and convincing reasons in order to

16   discount the opinions of Plaintiff's examining psychiatrist, Dr. Parlatore, and non-examining

17   psychological expert, David Myers, Ph.D. *See* Dkt. 11, p. 9. But, Michael Regets, Ph.D., and

18   Thomas Clifford, Ph.D., State Agency Medical Consultants, offered opinions which conflicted

19   with Dr. Parlatore's and Dr. Myers' opinions. *See* AR 230-33, 254.[1] A conflicting opinion from

20

21   _____

22   [1] For example, while Dr. Regets and Dr. Clifford opined Plaintiff would perform best "in
      a work setting with minimal intrusive supervision, minimal interaction with the general public
      and co-workers," they also opined Plaintiff would be able to perform tasks after one-on-one

23   instruction, would be able to carry out basic social interaction in a work setting, would be
      capable of following one or two step instructions, and would be able to work in a predictable

24   work setting with few changes in expectations. AR 232. As discussed more thoroughly in

1   any acceptable medical source, regardless of whether the conflicting source is a treating,

2   examining, or non-examining physician, triggers the lower standard of "specific and legitimate"

3   reasons. *See Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 (9th Cir. 2006) (holding the conflicting

4   check-box opinion of a non-examining physician meant the ALJ was only required to offer

5   specific, legitimate reasons to discount the opinion of an examining physician). While the opinions

6   of Dr. Regets and Dr. Clifford may not constitute substantial evidence on their own to *discount* the

7   opinion of an examining psychiatrist, the *existence* of conflicting medical opinions in the record is

8   what triggers the "specific and legitimate" reasons standard. *Id.* at 1066-67 & n. 2.

9       As the record contains conflicting medical opinions concerning Plaintiff's mental

10  limitations, the ALJ was only required to offer specific and legitimate reasons for discounting the

11  opinions of Plaintiff's examining psychiatrist and non-examining medical consultant.

12          **B.  Application of Standard**

13                  1. *Anselm Parlatore, M.D.*

14      Dr. Parlatore examined Plaintiff on an annual basis between 2006 and 2012. AR 206, 256,

15  261, 916, 953, 959, 963. Throughout these evaluations, Dr. Parlatore consistently diagnosed

16  Plaintiff with PTSD, a learning disorder, and a speech impediment. AR 207, 257, 262, 918, 955,

17  960, 963. On some occasions, Dr. Parlatore also diagnosed Plaintiff with polysubstance abuse. AR

18  207, 257, 262, 955. As a result of these impairments, Dr. Parlatore consistently found Plaintiff

19  would have marked to severe limitations across several social factors, such as her ability to

20  communicate and perform effectively in a normal work setting with public contact, relate to co-

21  workers and supervisors, and respond appropriately to and tolerate the pressures and expectations

22

23  _____

    Section I(B)(1), below, these opinions conflict with Dr. Parlatore's more severe cognitive and
24  social limitations.

of a normal work setting. AR 208, 258, 263, 919, 956, 961, 966. Dr. Parlatore also assessed

cognitive limitations, but with less consistency across all seven opinions:

- In 2006 and 2007, Dr. Parlatore opined Plaintiff would have mild limitations in her ability to understand, remember, and follow simple and complex tasks, learn new tasks, exercise judgment and make decisions, and perform routine tasks. AR 208, 263.

- In 2008, Dr. Parlatore's opinion as to Plaintiff's ability to exercise judgment and make decisions, as well as her ability understand, remember, and follow, simple tasks remained unchanged. AR 258. However, Dr. Parlatore opined Plaintiff would have moderate, rather than mild, difficulty in understanding, remembering, and following complex tasks, learning new tasks, and performing routine tasks. AR 258.

- In 2009 and 2010, Dr. Parlatore opined Plaintiff would have no limitations across all cognitive factors, except in 2009, Dr. Parlatore opined Plaintiff would have mild limitations in his ability to learn new tasks. AR 919, 956.

- In 2011 and 2012, by contrast, Dr. Parlatore opined Plaintiff would have moderate to marked limitations in her ability to understand, remember, and persist in tasks by following complex instructions, learning new tasks, and performing routine tasks without undue supervision. AR 961-966.

The ALJ considered Dr. Parlatore's opinions, and, to the extent Dr. Parlatore opined

Plaintiff had mild cognitive limitations, gave Dr. Parlatore's opinions significant weight. AR 378-

379. However, the ALJ gave Dr. Parlatore's opinions as to Plaintiff's social functioning, and the

balance of Dr. Parlatore's opinions as to more severe cognitive limitations, less than full weight for

essentially the same four reasons. First, the ALJ found the majority of Dr. Parlatore's opinions

were inconsistent with his own observations and objective testing. Second, the ALJ found Dr.

Parlatore's opinions were inconsistent with the medical evidence in the record. Third, the ALJ

found Dr. Parlatore's opinions were inconsistent with Plaintiff's demonstrated activities of daily

living. Finally, the ALJ found Dr. Parlatore's opinions as to Plaintiff's social functioning were

1  based largely on Plaintiff's subjective reporting, which was found to be not fully credible. AR 378-

2  81.[2]

3      The ALJ's first two reasons—Dr. Parlatore's opinions were inconsistent with his own

4  observations, as well as the rest of the medical record—were specific and legitimate reasons for

5  discounting Dr. Parlatore's opinions. The consistency of a medical opinion with the record is an

6  important factor in weighing a medical opinion's credibility. *See* 20 C.F.R. §§ 404.1527(c)(4),

7  416.927(c)(4). Also, inconsistency between a physician's opinion and his treatment notes, or

8  inconsistency between a physician's opinion and the medical record, are specific and legitimate

9  reasons for discounting a physician's opinion. *See Morgan*, 169 F.3d at 601-02; *Tommasetti*, 533

10 F.3d at 1038. *See also Connett v. Barnhart*, 340 F.3d 871, 874-75 (9th Cir. 2003); *Weetman v.*

11 *Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989).

12     Further, the ALJ supported his reasoning with substantial evidence in the record. To the

13 extent Dr. Parlatore opined Plaintiff had moderate to marked cognitive limitations in 2011 and

14 2012, the ALJ cited Dr. Parlatore's own mental status examinations, which reflect Plaintiff did not

15 have clinically significant difficulties during cognitive testing. AR 962. The ALJ also noted Dr.

16 Parlatore's opinions of moderate to marked cognitive limitations were inconsistent with Dr.

17 Parlatore's prior opinions and mental status examinations, which indicated, at most, mild to

18 moderate cognitive limitations. AR 208, 258, 266, 380, 919. The ALJ properly noted Dr.

19 Parlatore's examination results failed to support his opinions, and that Dr. Parlatore failed to

20

21

22
    [2] The ALJ also offers reasons which are only applicable to some, or one, of Dr.
23 Parlatore's seven opinions. *See* AR 378-81. Because the reasons discussed below present a
sufficient basis to affirm the ALJ's evaluation of Dr. Parlatore's opinion, any errors in the ALJ's
24 other reasons would be harmless.

1  explain his opinion Plaintiff experienced a sudden decrease in her cognitive abilities after 2010.

2  AR 380.

3       Similarly, the ALJ cited to medical records contemporary to Dr. Parlatore's opinions which

4  indicated Plaintiff was able to interact cooperatively with medical providers (AR 295, 302, 306,

5  310, 320, 935, 979, 1037, 1040, 1045, 1048, 1050, 1054, 1058, 1096, 1111, 1125, 1141), interact

6  appropriately with strangers (AR 271), was having a few nightmares but otherwise reported doing

7  "pretty well" (AR 270-71, 274-75), was alert, cooperative, with normal mood, affect, attention

8  span, and concentration (AR 295, 302, 306), and had intact cognitive function (AR 217, 295, 302,

9  306, 310, 320, 935, 979, 1037, 1040, 1045, 1048, 1050, 1054, 1058, 1096, 1111, 1125, 1141,

10  1159-60). The ALJ properly noted these were inconsistent with Dr. Parlatore's observations of

11  Plaintiff's mood and affect, as well as Dr. Parlatore's later opinion Plaintiff would have more than

12  mild cognitive limitations.

13       Next, the ALJ found Dr. Parlatore's opinions Plaintiff would have significant limitations in

14  her social and cognitive abilities were inconsistent with Plaintiff's contemporaneous activities of

15  daily living, including her ability to sustain a long-term relationship with her boyfriend, her prior

16  ability to perform work requiring social interaction despite her PTSD diagnosis, her travel out-of-

17  state, her ability to crochet for up to fifteen hours per day, play video games, and watch television.

18  AR 157, 268-69, 272-73, 279, 285, 968, 970, 1020. The ALJ properly noted these activities were

19  inconsistent with various aspects of Dr. Parlatore's opinion, such as Dr. Parlatore's opinion

20  Plaintiff would have decreased concentration, as well as her ability to interact with coworkers and

21  the public. AR 258, 378.  *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (noting a

22  physician's opined limitations were inconsistent with a claimant's activities of daily living,

23  including maintaining a household and raising two young children).

24

1      Finally, the ALJ found that, while Dr. Parlatore performed mental status examinations, Dr.

2   Parlatore did not support many of his opined social limitations by reference to his mental status

3   testing. AR 378-81. Instead, the ALJ concluded Dr. Parlatore's opinions as to Plaintiff's social

4   limitations appeared to be based largely on Plaintiff's subjective reporting, which the ALJ had

5   found to be less than fully credible. AR 378-380. "An ALJ may reject a treating physician's

6   opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly

7   discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). As discussed

8   below, further, the ALJ properly discounted Plaintiff's subjective symptom testimony. Thus, the

9   ALJ properly discounted Dr. Parlatore's opinions on this basis.

10      Plaintiff also offers several additional arguments as to why the ALJ erred by giving Dr.

11   Parlatore's opinions less than full weight. For example, Plaintiff argues the ALJ erred by not

12   recontacting Dr. Parlatore and requesting additional clarification of his opinions, as suggested by

13   the Appeals Council. Dkt. 11, p. 8. However, the Appeals Council order previously remanding the

14   case to the ALJ did not require the ALJ to recontact Dr. Parlatore, but merely suggested the ALJ

15   *may* recontact Dr. Parlatore "as appropriate." AR 565. Further, the evidence in this case was not

16   ambiguous, nor was the record inadequate to allow for proper evaluation. *See Mayes v. Massanari*,

17   276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

18   Plaintiff also argues the ALJ failed to follow the instructions of the Appeals Council when he again

19   gave less than full weight to Dr. Parlatore's opinion. However, the ALJ corrected the deficiencies

20   in his analysis of Dr. Parlatore's opinion in a manner consistent with the Appeals Council's

21   instructions. *See* AR 564.[3] Plaintiff also challenges the ALJ's interpretation of the evidence. For

22

23   _____

24      [3] Specifically, the Appeals Council remanded this case because the ALJ's two reasons for
    discounting Dr. Parlatore were not supported by substantial evidence. The ALJ previously found

1   example, Plaintiff contends she did not have a boyfriend, but only a roommate with whom she had

2   limited interaction. *See, e.g.*, Dkt.22, p. 3; AR 429. However, the record is replete with evidence

3   supporting the ALJ's interpretation of Plaintiff's relationship. *See, e.g.* AR 268-69 ("In the past

4   [Plaintiff's] boyfriend's ex-girlfriend . . . usually bothers her in some regard by . . . bothering her

5   boyfriend); 272 ("She is happy in her relationship with Ivan, with whom she lives") At best,

6   Plaintiff has raised an alternative interpretation of the record. However, when the evidence admits

7   of more than one rational interpretation, sole authority for interpreting the evidence rests with the

8   ALJ. *See Morgan*, 169 F.3d at 603.

9       Because the ALJ offered specific and legitimate reasons, supported by substantial evidence, for

10  discounting Dr. Parlatore's opinions, the ALJ did not commit harmful error.

11              2. *David Myers, Ph.D.*

12      During Plaintiff's August 5, 2014 hearing, the ALJ received testimony from non-

13  examining psychological consultant, Dr. Myers. AR 400-28. Dr. Myers testified he reviewed the

14  full record, and opined Plaintiff had the severe impairment of PTSD. AR 402-06. Dr. Myers found

15  Dr. Parlatore's evaluations and opinions as to Plaintiff's functioning to be generally credible,

16  concurred in Dr. Parlatore's assessment of significant social limitations, and opined Plaintiff met

17  the criteria for listing 12.08, personality disorder. AR 402-06.

18      The ALJ gave Dr. Myers' opinion little weight for the following five reasons:

19      [1] I reject Dr. Meyer's opinion because it is based largely upon reports of Dr.
        Parlatore, which I have given some or little weight for the reasons discussed above.

20      [2] Dr. Myers' testimony is also inconsistent with the claimant's mental status

21

22  Dr. Parlatore relied on the claimant's discounted self reports, but failed to acknowledge Dr.
    Parlatore had conducted mental status examinations. AR 564. The ALJ also previously found Dr.

23  Parlatore did not review the longitudinal medical records, but the Appeals Council noted this was
    squarely contradicted by Dr. Parlatore's own notes. AR 564. By contrast, in the decision under
    review, the ALJ noted Dr. Parlatore's opinions were *inconsistent* with his mental status

24  examination findings, as well as the longitudinal record.

examinations, which have generally shown intact cognitive functioning [3] and activities, which include sustaining a long-term relationship with her boyfriend, traveling out-of-state, and knitting for up to 14 hours per day. [4] As discussed above . . . I find that the claimant's impairments do not meet the mental listings of 12.00. [5] Furthermore, although Dr. Myers testified that an individual with the claimant's mental symptoms, which he characterized as severe since the claimant's childhood, could not engage in long-term employment, I note that, in the 1990s, when the claimant was an adult, she was employed in several jobs that lasted over a year while she was presumably experiencing the effects of her severe mental conditions.

AR 381. Plaintiff argues these were not clear and convincing reasons[4] for discounting Dr. Myers' opinion. The Court disagrees.

First, the ALJ properly noted Dr. Myers based his opinion principally on the evaluations and opinions rendered by Dr. Parlatore, which the ALJ has already discounted. The fact a medical expert relies on discounted, inaccurate, or otherwise incorrect information is a specific and legitimate reason for discounting a medical opinion, and the ALJ acted reasonably in doing so here. *C.f. Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (noting it was proper to discount the opinion of a treating physician when it was premised to a large extent upon the claimant's subjective complaints, which the ALJ had properly discounted); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

Second, as discussed in Section I(B)(1), above, Dr. Parlatore's mental status examinations largely revealed no more than moderate—and more typically, mild to none—cognitive limitations. AR 208, 258, 263, 919, 956. Also, Plaintiff engaged in several activities of daily living, such as maintaining a long-term relationship with a boyfriend, crocheting for up to fifteen hours per day, and traveling out of state, which were inconsistent with Dr. Myers' opinions concerning Plaintiff's limitations in social and cognitive factors. Finally, Dr. Myers testified the disabling limitations

---

[4] As discussed in Section I(A), above, the ALJ was only required to offer specific and legitimate reasons.

1    arising from Plaintiff's PTSD would have been present from her childhood. AR 406. However, the

2    ALJ correctly noted Plaintiff was able to work full-time jobs in the 1990's. The ALJ was entitled to

3    consider these inconsistencies between Dr. Myers' opinion and the record, and the ALJ reasonably

4    did so here. *See Morgan*, 169 F.3d at 601-02; *Tommasetti*, 533 F.3d at 1038; *Rollins*, 261 F.3d at

5    856.

6            Because the ALJ offered specific and legitimate reasons for discounting Dr. Myers'

7    opinion, the ALJ did not err.

8    II.     Whether the ALJ Provided Specific, Clear, and Convincing Reasons, Supported by
             Substantial Evidence, for Discounting Plaintiff's Subjective Symptom Testimony.
9

10           If an ALJ finds a claimant has a medically determinable impairment which reasonably

11   could be expected to cause the claimant's symptoms, and there is no evidence of malingering, the

12   ALJ may reject the claimant's testimony only "by offering specific, clear and convincing reasons."

13   *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918

14   (9th Cir.1993)). *See also Reddick*, 157 F.3d at 722. However, sole responsibility for resolving

15   conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d

16   639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971); *Calhoun

17   v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). Where more than one rational interpretation

18   concerning a plaintiff's credibility can be drawn from substantial evidence in the record, a district

19   court may not second-guess the ALJ's credibility determinations. *Fair,* 885 F.2d at 604. *See also

20   Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to

21   more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's

22   conclusion must be upheld."). In addition, the Court may not reverse a credibility determination

23   where that determination is based on contradictory or ambiguous evidence. *See Allen v. Heckler*,

24   749 F.2d 577, 579 (9th Cir. 1984). That some of the reasons for discrediting a claimant's testimony

1    should properly be discounted does not render the ALJ's determination invalid, as long as that

2    determination is supported by substantial evidence. *Tonapetyan*, 242 F.3d at 1148.

3         Plaintiff challenges the ALJ's evaluation of her subjective symptom testimony; however,

4    Plaintiff does not address any of the ALJ's proffered reasons for discounting her testimony in her

5    opening brief. Dkt. 11, pp. 17-18. Instead, Plaintiff argues the ALJ should have applied the

6    standards for evaluating a claimant's testimony articulated in Social Security Ruling ("SSR") 16-

7    3p. However, SSR 16-3p's effective date was approximately two years after the date of the ALJ's

8    decision. *See* SSR 16-3p, *available at* 2011 WL 1119029. The changes to Social Security

9    Administration practice articulated in SSR 16-3p could not apply to the ALJ decision at issue

10   before this court. 42 U.S.C. § 405 does not contain any express authorization from Congress

11   allowing the Commissioner to engage in retroactive rulemaking. *See Bowen v. Georgetown Univ.*

12   *Hosp*, 488 U.S. 204, 214-215 & n.3 (1988); *Garner v. Colvin*, 626 Fed.Appx. 699, 701 (9th Cir.

13   2015). *See also Portlock v. Barnhart*, 208 F.Supp.2d 451, 456 (D. Del. June 24, 2002) (holding the

14   application of a recently-revised SSR to an applicant's pending claim on appeal would constitute

15   an impermissible retroactive application of an agency rule) (*citing Bowen*, 488 U.S. at 224).  Thus,

16   the fact the ALJ did not follow the standards articulated in SSR 16-3p is not a reason to reverse the

17   ALJ's evaluation of Plaintiff's testimony.

18        In any event, the ALJ offered several specific, clear and convincing reasons for discounting

19   Plaintiff's testimony which were supported by substantial evidence in the record. For example, the

20   ALJ properly noted Plaintiff's activities of daily living contradicted her description of the severity

21   of her limitations. AR 372.  *Molina v. Astrue*, 674 F.3d 1104 1112-13 (9th Cir. 2012). Despite

22   Plaintiff's claim she could pay attention for a maximum of one minute or less in her function report

23   (AR 846), the ALJ noted Plaintiff demonstrated she was able to concentrate for up to fifteen hours

24

1   per day while crocheting. *See* AR 272, 278-79, 481, 993. The ALJ also noted that, despite claiming

2   Plaintiff's roommate was only a "friend" with whom she barely interacts, the record contains

3   ample evidence suggesting Plaintiff's roommate was a long-term boyfriend. *See* AR 268-69, 272,

4   285, 375, 429-30, 968, 970, 1020. The ALJ also noted one of Plaintiff's physicians documented

5   symptom exaggeration in the record, as well as notations reflecting Plaintiff may have been

6   motivated by secondary gain. AR 268, 271, 976. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th

7   Cir. 2001). Finally, the ALJ noted inconsistencies between Plaintiff's testimony and the objective

8   medical evidence, such as Plaintiff's ability to concentrate in numerous medical examinations

9   despite her testimony to the contrary. AR 295, 302, 306, 310, 320, 935, 979, 1037, 1040, 1045,

10   1048, 1050, 1054, 1058, 1096, 1111, 1125, 1141. *See Regennitter v. Comm'r, Soc. Sec. Admin.*,

11   166 F.3d 1294, 1297 (9th Cir. 1998).  These were proper bases to discount Plaintiff's testimony,

12   and the ALJ reasonably did so here.

13   **<u>CONCLUSION</u>**

14        Based on the above stated reasons and the relevant record, the undersigned finds the ALJ

15   properly concluded Plaintiff was not disabled. Therefore, the Court orders this matter be affirmed

16   pursuant to sentence four of 42 U.S.C. § 405(g). Judgment should be for Defendant and the case

17   should be closed.

18        Dated this 13th day of January, 2017.

19

20                                                                David W. Christel
                                                                  United States Magistrate Judge
21

22

23

24